**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Exchange 12, LLC, | : | |
| | : | No. 5:23-cv-03740-EGS |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | Honorable Edward G. Smith, J. |
| Palmer Township, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

*AND NOW*, come Defendants, Palmer Township and the Board of Supervisors of Palmer Township (hereinafter collectively "Defendants" of "the Township"), by and through their undersigned counsel, and submit this Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to FED. R. CIV. P. 12(b)(6).

I.      **Introduction and Procedural Background**

Defendant, Palmer Township, is a second-class township located in Northampton County, Pennsylvania. The Township has enacted a comprehensive Zoning Ordinance, which includes specific conditions for the approval of conditional uses. Among those conditions are the requirements that an applicant show that a proposed use is "suitable for the particular location in question," "[n]ot be detrimental to the public health, general welfare, safety or morals," and "[n]ot significantly adversely threaten the desirable character of an existing residential area." Subject to these general conditions, the Township's Zoning Ordinance allows "distribution centers," "trucking company terminals," and "off-premises digital billboard signs" as conditional uses, subject to additional, specific requirements.

In March 2022, the Pennsylvania Commonwealth Court issued an opinion in the matter of *Mushroom Hill, LLC v. Swatara Township Board of Commissioners*, 276 A.3d 1216 (2022), in which it ruled that a municipality was permitted to consider the specific nature of the final use of a property when ruling on whether to grant a conditional use application.

On March 31, 2021, Plaintiff filed an application for a conditional use to develop a piece of property within the Township for the construction of two (2) distribution centers. Plaintiff has worked with the Township in numerous other development projects. According to Plaintiff, by May 2022, he had reached an agreement with a tentative purchaser of the property, subject to approval by the Township of the proposed conditional use. The Township held four (4) hearings before the Board of Supervisors regarding this application. During a hearing on June 28, 2022, Plaintiff was asked to identify the end user of the property, so that the Township could determine whether the proposed use would be suitable for the use in question, whether it would pose a risk to the health, safety, or general welfare of the Township, and whether it would significantly adversely threat the character of a retirement community across the street. Plaintiff's attorney refused to allow Plaintiff to answer this question before the Board of Supervisors. On September 27, 2022, the Board of Supervisors unanimously denied Plaintiff's application for conditional use based upon Plaintiff's refusal to identify the end user.

Subsequently, Plaintiff submitted an application to develop the property as a trucking company terminal, which is subject to the same conditions as a distribution center. This application also was denied due to concerns about air quality and pollution. Plaintiff then submitted an application to use the property as the site for an off-premises digital billboard. This application was granted, but conditioned on Plaintiff constructing a right-of-way to the billboard

itself for purposes of maintenance and access for emergency vehicles.  Plaintiff appealed all these decisions to the Northampton County Court of Common Pleas, where they all remain pending.

On September 26, 2023, Plaintiff initiated this action, alleging claims under both the Equal Protection and Due Process clauses of the Fourteenth Amendments to the United States Constitution.  Plaintiff's claims are based upon a comment allegedly made by the former Township Solicitor, Chuck Bruno, Esquire, during an executive session of the Board of Supervisors.  As the discussion referenced in the Complaint is subject to the attorney-client privilege, and because the Township has not waived its privilege regarding that discussion, the alleged comment is inadmissible, and should be stricken from the Complaint.  Plaintiff also relies on a statement made during the hearing on June 28, 2022, in response to Plaintiff's refusal to identify an end use for the property.  This comment, by a single supervisor, does not create a rational claim that the 5-0 vote was tainted by any inappropriate animus.

For the reasons set forth herein, Defendants now move to dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(6).

## II.    Allegations of the Complaint[1]

- Plaintiff, Exchange 12, LLC, is a Pennsylvania limited liability company.[2]

- Plaintiff is the owner of a tract of land within Palmer Township.[3]

- That Property is located in Planned Industrial/Commercial ("PI/C") zoning district.[4]

- Plaintiff's principal, Abraham Atiyeh, "routinely" appears before the Township's Board of Supervisors.

---

[1] For the purposes of a motion filed pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept the factual allegations contained in the Complaint as true.  *See e.g. Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3rd Cir. 2008).  Nothing contained in these moving papers shall be construed as an admission to any such allegations.

[2] Plaintiff's Complaint, attached hereto as Exhibit "A", at ¶ 4.

[3] Exhibit "A", at ¶ 7.

[4] Exhibit "A", at ¶ 8.

- 3 -

- Mr. Atiyeh is of Syrian descent.[5]

- On March 31, 2021, Plaintiff submitted an application for a conditional use proposing to develop the Property for two (2) distribution centers.[6]

- A distribution center is permitted as a conditional use at the Property.[7]

- Pursuant to the Township's Zoning Ordinance, all applications for conditional uses are subject to the following general requirements:

    Each conditional use shall comply with all of the following general standards:

    (1) Conform with the spirit, purposes, intent and all applicable requirements of this ordinance.

    (2) Conform with all applicable provisions of all other Township ordinances.

    (3) Conform with all applicable state and federal laws, regulations and requirements.

    (4) Be suitable for the particular location in question.

    (5) Not be detrimental to the public health, general welfare, safety or morals.

    (6) Not threaten significant damage to public or private property from inadequate or improper stormwater management. This condition shall not be basis of a decision under the Zoning Ordinance if the use will be required to have a detailed stormwater management plan approved by the Board of Supervisors under the Subdivision and Land Development Ordinance.

    (7) Not significantly adversely threaten the desirable character of an existing residential area.

    (8) Not threaten a significant fire, explosive, public health or toxic hazard or other hazard to public safety.[8]

---

[5] Exhibit "A", at ¶ 13.
[6] Exhibit "A", at ¶ 14.
[7] Exhibit "A", at ¶ 14; Palmer Township Zoning Ordinance § 190-125(G).
[8] Palmer Township Ordinance § 190-208(D).

- The Board of Supervisors held four (4) public hearing on Plaintiff's application for a conditional use.

- One of those public hearing was held on June 28, 2022.[9]

- During that hearing, the following discourse took place:[10]

> MR. BRUNO:
>
> Q:      Were you aware, Mr. Atiyeh, of any requirements imposed by the township that require you to identify the user of the property and what the use would be for the property pursuant to this application?
>
> A:      You know, it's funny that only this township, Palmer Township, of all the townships I've done business with, for some odd reason has asked who the tenant is before they approve it.  And so you want to look about some sort of reason why you're asking me who the tenant would be?  Is it because there's 200 people in the crowd?  Or is it because you're treating Abe Atiyeh special?  Are you retaliating against me?  I do work in 20 different municipalities.  Nobody has ever asked me who the tenant is going to be inside when you build a spec warehouse.  I want to know why you are asking that?
>
> MR. BRUNO:          Mr. Atiyeh, I think there is a question, and I think you are obligated to answer the question, not to ask another question in response.  Why don't you answer the question?
>
> MR. ATIYEH:          I'd like to know why he is asking that question?
>
> MR. BRUNO:          He doesn't have to tell you why he is asking the question.  He has already stated the question, and now I'm asking you if you can answer the question?
>
> MR. VANLUVANEE:          Well, I think he answered his question.

---

[9] While the Complaint allege that the hearing was on June 26, 2022, that allegation is a plain error.

[10] As Paragraph 24 of Plaintiff's Complaint quotes from the transcript of the hearing the Court may consider the entire transcript when ruling on Defendant's Motion to Dismiss.  *See e.g. Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 777 n.17 (3rd Cir. 2018) (holding that the Court may consider a document "integral to or explicitly relied upon in the complaint.")

MR. ATIYEH:        I think it's illegal, it's improper and it's unconstitutional for you to ask me who is going in a building before you build it.  You have no legal authority or right to do that.  Your ordinance does not require that.  However, you as a board member, if you're retaliate [*sic*] against me because I'm building a warehouse, you're crossing the line.  Your ordinance doesn't require it.

MR. MITCHELL:        You could be building bombs in that building for all we know.

* * *

MR. BRUNO:        First of all, the ordinance requires that the impacts be evaluated by the township board of supervisors before they can decide whether or not there is an appropriate conditional use application that should be approved, one of the things that is appropriate is to determine whether there is any detriment to the public health, safety and welfare of the citizens.  Not just whether the black letter conditions have been met.

Without identifying the user and what is going to be done there, an argument can be made that it is difficult to evaluate the impacts.  So I know that you have a different legal position on that because you think that it's not in the ordinance, but it is clearly in the ordinance.[11]

- Later in that hearing, Plaintiff's current counsel stipulated that Plaintiff had not identified an end user for the Property and that Plaintiff did not intend to identify the end user or what would be warehoused at the Property as part of the application.[12]

- On November 10, 2022, Plaintiff was notified that his application for a conditional use was denied.[13]

---

[11] Transcript of June 28, 2022, Hearing, attached hereto as Exhibit "B", at p. 22, ln. 5 to p. 24, ln. 24.

[12] Exhibit "B", at p. 27, lns. 10-22.

[13] Exhibit "A", at ¶ 25.

- "A primary reason cited by Defendant-Board in denying the Conditional Use Application was that Plaintiff had not yet identified the entity that would operate the distribution center."[14]

- The vote to deny Plaintiff's conditional use application was unanimous.[15]

- Plaintiff appealed that decision to the Northampton County Court of Common Pleas.[16]

- Plaintiff also applied to use the Property for a Trucking Terminal.[17]

- Trucking Terminals are permitted as a conditional use in a PI/C zone.[18]

- This application was denied.[19]

- Plaintiff appealed that decision to the Northampton County Court of Common Pleas.[20]

- Subsequently, Plaintiff applied to use the Property for an off-premises digital billboard.[21]

- Billboards are permitted as a conditional use in the Township.[22]

- Among the criteria required for an off-premises digital billboard is that, "The Board of Supervisors may impose reasonable conditions as part of any conditional use approval of an off-premises digital sign."[23]

- The application for a billboard was approved, with the condition that Plaintiff install an access road for maintenance and emergency vehicles.[24]

---

[14] Exhibit "A", at ¶ 26.

[15] Transcript of September 27, 2022, Hearing, attached hereto as Exhibit "C", at p. 7, ln. 25 to p. 8, ln. 2.

[16] Exhibit "A", at ¶ 31.

[17] Exhibit "A", at ¶ 35.

[18] Palmer Township Ordinance § 190-210(B)(33).

[19] Exhibit "A", at ¶ 36.

[20] Exhibit "A", at ¶ 37.

[21] Exhibit "A", at ¶ 35.

[22] Palmer Township Ordinance § 190-187(H).

[23] Palmer Township Ordinance § 190-187(H)((7).

[24] Exhibit "A", at ¶ 38; Approval, attached hereto as Exhibit "D".

- Plaintiff appealed that decision to the Northampton County Court of Common Pleas.[25]

- Plaintiff has identified other properties for which development of a distribution center was approved in the Township.[26]

- All but one of those approvals occurred prior to March 8, 2022.[27]

- The final property is located at the corner of Van Buren Road and Main Street, Easton, PA.[28]

- This property is located in a TI-2 zoning district.[29]

- Distribution centers are permitted by right in a TI-2 zoning district.[30]

## III.  Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2). Although this pleading standard does not require "detailed factual allegations, … it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 139 L.Ed.2d 868 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  A complaint that offers nothing more than "'labels and conclusions[,] ... a formulaic recitation of the elements of a cause of action ... [or] naked assertion[s]' devoid of 'further factual enhancement'" does not meet this standard and should be dismissed.  *Iqbal*, 129 S. Ct. at 1949, *citing Twombly*, 550 U.S. at 557.  Thus, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter,

---

[25] Exhibit "A", at ¶ 39.
[26] Exhibit "A", at ¶ 24.
[27] Exhibit "A", at ¶ 24(a)-(o).
[28] Exhibit "A", at ¶ 24(p).
[29] Zoning Map Insert, attached hereto as Exhibit "E".
[30] Palmer Township Zoning Ordinance § 190-336(B)(3).

accepted as true, to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 556 (retiring the "no set of facts" test of *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

Under the *Twombly*/*Iqbal* paradigm, a Court must engage in a two-step inquiry to determine the sufficiency of the factual matter alleged. First, the Court must identify and disregard allegations that are nothing more than legal conclusions and, therefore, "not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Indeed, as both *Twombly* and *Iqbal* made clear, a Court need not consider allegations in the Complaint that constitute unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events. *See Twombly*, 550 U.S. at 556 (explaining that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"), *quoting Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986); *Bright v. Westmoreland County*, 380 F.3d 729, 735 (3rd Cir. 2004) ("In ruling on a Rule 12(b)(6) motion, courts can and should reject legal conclusions, unsupported conclusions, unwarranted references, unwarranted deductions, footless conclusions of law, and sweeping legal conclusions in the form of actual allegations."). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

The Court then must identify the non-conclusory, well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 1950. If the factual allegations, assumed to be true, are consistent with a claim for relief, that claim must nevertheless be dismissed if the facts are equally consistent with a finding of no liability. *See Id.*

In addition, the Court need not "credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3rd Cir. 1997).  In ruling on a 12(b)(6) motion, Courts consistently reject "legal conclusions," "unsupported conclusions," "unwarranted inferences," "unwarranted deductions," "footless conclusions of law," and "legal conclusions cast in the form of actual allegations." *Id*. at 906, n. 8.  The Court is not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations. *Baraka v. McGreevy*, 481 F. 3d 187, 211 (3rd Cir. 2007).  Plaintiff's Complaint fails to state a plausible cause of action for which relief may be granted.  As such, Defendants now move for dismissal pursuant to FED. R. CIV. P. 12(b)(6).

## IV.    Legal Argument

### a.    *Plaintiff Cannot State a Claim for Deprivation of Due Process*

Count I of Plaintiff's Complaint alleges a claim pursuant to the Due Process clause of the Fourteenth Amendment to the United States Constitution.[31]  Pursuant to Section 1 of the Fourteenth Amendment:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST., AMEND. XIV, § 1.

> To state a Fourteenth Amendment substantive due process claim pursuant to 42 U.S.C. § 1983, a plaintiff must first establish that, as a threshold matter, he has a protected constitutional interest at issue. Assuming that this threshold is met, a plaintiff must prove that

---

[31] While not stated explicitly, it appears that Plaintiff intends to assert a claim under a substantive due process theory. In any event, a claim for deprivation of procedural due process would fail, as the Municipalities Planning Code provides for procedural due process in the context of land-use decisions. *See e.g. Perano v. Township of Tilden*, 2010 WL 1462367, *7 (E.D. Pa. April 12, 2010).

> government employees engaged in conduct that "shocks the conscience." This standard reflects the cornerstone of substantive due process that values protection of the individual against arbitrary action of government. As a result, this conscience-shocking standard will be satisfied for only the most egregious official conduct.

*Skiles v. City of Reading*, 449 Fed. Appx. 153, 157 (3rd Cir. October 27, 2011) (*internal citations and quotation marks omitted*). "Whether an incident 'shocks the conscience' is a matter of law for the courts to decide…" *Benn v. Universal Health System, Inc.*, 371 F.3d 165, 174 (3rd Cir. 2004). "The Supreme Court has described conscious-shocking behavior as conduct intended to injure in some way unjustifiable by any government interest, and conduct so brutal and offensive that it does not comport with traditional ideas of fair play and decency." *South Allegheny Pittsburgh Restaurant Enterprises, LLC v. City of Pittsburgh*, 806 Fed. Appx. 134, 142 (3rd Cir. March 27, 2020) (*internal citations and quotation marks omitted*).

The allegations of the Complaint do not support any claim of conscience-shocking conduct. As one court in this District summarized:

> In *Eichenlaub v. Twp. of Indiana*, [385 F.3d 274 (3rd Cir. 2004),] the Court of Appeals provided the lower courts with some guidance on what qualifies as conscience-shocking behavior in the land use context, including: evidence of corruption or self-dealing, the hampering of development in order to interfere with otherwise constitutionally-protected activity, municipal action reflecting bias against an ethnic group, or evidence indicating a virtual taking of the claimant's property. By the same token, the Court of Appeals listed examples of conduct that is not sufficiently egregious or outrageous, such as: applying certain regulations to one parcel of property but not to others, making unannounced or unnecessary inspections of the property, delaying permits and approvals, improperly increasing tax assessments or maligning or muzzling claimants.

*Giuliani v. Springfield Township*, 238 F.Supp.3d 670, 696 (E.D. Pa. 2017) (*internal citations and quotation marks omitted*). The court continued, "Following *Eichenlaub*, courts have remained

hesitant to find conscience-shocking behavior in the land use context absent some showing that the conduct was permeated with either self-dealing or corruption." *Ibid.* A claim that a decision was made for an improper motive is insufficient to establish a claim under a due process theory. *See United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 400 (3rd Cir. 2003). The admissible facts in this matter, as set forth in Plaintiff's Complaint, fall far short of that standard.

As noted in Defendant's pending Motion to Strike, the comment allegedly made during an attorney-client privileged communication cannot be considered by the Court, as it would never be admissible in any subsequent proceeding.[32] As such, the sole basis for Plaintiff's claim of deprivation of due process arises from the discourse during the June 28, 2022, hearing before the Board of Supervisors. According to the Complaint, during that hearing, a single member of the Board of Supervisors commented that "You could be building bombs in that building for all we know." While Plaintiff has interpreted this single comment by a single Supervisor as evidence of a racial animus, this is insufficient to show conscience-shocking behavior with regard to the decision itself.

In *Laverdue v. County of Montgomery*, 324 F.3d 123 (3rd Cir. 2003), the Third Circuit held that comments made by a single member of a municipal board of governance cannot taint a decision made by the entire board. In that matter, one (1) member of the Montgomery County Board of Commissioners made disparaging comments about a County employee. The Third Circuit held, "It is undisputed that only a majority of the three-member Board is authorized to establish policy on behalf of the County. Therefore, whatever the contents of Marino's statements, because he was only one member of the Board, those comments do not constitute County policy."

---

[32] In any event, the Township solicitor does not have a vote in the decision, so his opinion of Plaintiff is not relevant to the claims in this matter.

Similarly, under the Second Class Township Code, business of the Township may only be transacted upon a majority vote of a quorum of the Township supervisors. 53 P.S. § 65603. As such, a comment by Mr. Mitchell does not constitute an act by the Township. Similarly, Mr. Mitchell's individual vote on Plaintiff's conditional use application does not constitute an action by the Township. Instead, the dispute acts in this matter are the ***unanimous*** decisions to deny the application for the conditional uses. Plaintiff has not pled any facts sufficient to show that the denials themselves were permeated with either self-dealing or corruption, or that any other such egregious conduct existed to show a deprivation of Plaintiff's constitutional rights. As such, Plaintiff's claim for deprivation of its substantive due process rights is without merit and should be dismissed.

### b.   *Plaintiff Cannot State a Claim for Deprivation of Equal Protection*

Count II of Plaintiff's Complaint alleges a deprivation of its equal protection rights under the Fourteenth Amendment. However, as Plaintiff has failed to plead a plausible claim that similarly-situated applications were treated any more favorably, such claim must be denied.

"The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the state's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Sunday Lake Iron Co. v. Wakefield* Township, 247 U.S. 350, 352, 38 S.Ct. 495, 62 L.Ed. 1154 (1918). "Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). "Persons are similarly situated under the Equal Protection Clause when they are alike in all relevant aspects."

*Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3rd Cir. 2008) (*internal quotation marks omitted*).

On March 8, 2022, the Pennsylvania Commonwealth Court published its decision in the matter of *Mushroom Hill, LLC v. Swatara Township Board of Commissioners*, 276 A.3d 1216 (Pa. Cmwlth. 2022). In that decision, the Commonwealth Court held that a municipality may consider the end user of a development project in order to determine whether the proposed use would impact the health and safety, the character of the surrounding neighborhood, and other factors. In making this evaluation, a municipality may consider the type of material to be stored in the property. Based upon this decision, the Township made its inquiry of Plaintiff as to the nature of the business to be conducted by an end user. When Plaintiff could not provide this information, the application was denied.

In Paragraph 24 of the Complaint, Plaintiff identifies other properties that he claims were treated more favorably. Of these, all but one involved an application that predated the Commonwealth Court's decision in *Mushroom Hill*. The Township was operating under a different legal framework for those applications. As such, Plaintiff cannot show that those applications were alike in all relevant aspects, as there had been a development in the applicable law that affected the Township's evaluation of applications. With regard to the last of the properties identified by Plaintiff, that application concerned a different zoning district. The property at the corner of Van Buren Road and Main Street is located in a TI-2 zoning district. Under the Township's Zoning Ordinance, a distribution center is permitted as a by-right use in that district. As such, no conditional use application was required. In contrast, Plaintiff's property is located in a PI/C district, where a distribution center is not permitted by right. As such, this property is in a fundamentally different position to Plaintiff and cannot be used as a comparator.

With regard to the trucking terminal and billboard, Plaintiff has not pled any facts to establish the existence of any comparator properties.[33]  As such, Plaintiff cannot show that any similarly-situated property was treated more favorably with regard to any of his conditional use applications.  In the absence of any facts properly pled to support this claim, it should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

## V.    <u>Conclusion</u>

As Plaintiff has failed to plead admissible facts sufficient to state a claim under either substantive due process or equal protection theory, it has failed to meet even the low bar set by the Federal Rules of Civil Procedure.  As such, the Court properly should dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

**DEASEY, MAHONEY & VALENTINI, LTD.**

By:    /s/ *Rufus A. Jennings*

Rufus A. Jennings, Esquire
Pa. Attorney Identification No. 93030
1601 Market Street, Suite 3400
Philadelphia, PA 19103
Phone:  (215) 587-9400
Fax:     (215) 587-9456
Email:  rjennings@dmvlawfirm.com

Attorney for Defendants

Date: October 11, 2023

---

[33] As Plaintiff probably is aware, the Township has imposed an identical condition on another property which applied for a conditional use to install an off-premises digital billboard.  That property owner did not object to the condition.